## Daniel Mulcahey, Jr., et al., v. Fannie Strauss.

1. APPELLATE COURT PRACTICE—*Raising Questions for the First Time.*—In foreclosure proceedings the question as to whether a defendant should file a cross-bill or bring a separate suit to determine his rights, can not be raised for the first time in the Appellate Court.

2. MORTGAGE FORECLOSURE—*Solicitor's Fees—Costs.*—Where a mortgage provided that in case of foreclosure a fee of $50 should be taxed, the fee was properly taxed as a part of the costs on the foreclosure.

3. FORECLOSURE—*Decree Requiring Mortgage Debtor to Pay Deficiency.*—It is not error to provide, in a final decree of foreclosure, that the mortgage debtor be released from any personal obligation for the payment of the mortgage debt, where the facts and peculiar circumstances of the case require it.

4.  Remittitur—*In Foreclosure Proceedings.*—Where, in foreclosure proceedings, the decree is rendered for an amount in excess of the sum due, the error may be cured by a remittitur.

**Memorandum.**—Foreclosure of mortgage.  Appeal from the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the May term, 1893, and affirmed.  Opinion filed October 28, 1893.

The opinion states the case.

Frank R. Henderson, attorney for appellants.

John Stapleton and Williams & Capen, attorneys for appellee.

Mr. Justice Wall delivered the opinion of the Court.
This is an appeal from a decree of foreclosure.

It is objected, 1st, that the bill was not maintainable.

This position is based upon the fact that the property had been placed in the hands of a receiver in a proceeding pending in the same court, on the chancery side thereof, wherein Daniel Mulcahey Sr., was complainant and said Daniel Mulcahey, Jr., and others, including the appellee, were defendants.

That controversy was, in effect, between the Mulcaheys, Sr. and Jr., as to the ownership of the land subject to the lien of the mortgage, which was not disputed.  It is not necessary to state in detail the points involved in that suit, or to follow the course of proceedings thereon.

Suffice it to say that the result was to leave the title in Daniel Mulcahey, Jr., subject to the mortgage, and also to a declaration of trust in favor of his mother and brothers and sisters.

Appellants insist that because the property was placed in the hands of a receiver before the mortgage debt was due, the obligation of the mortgage debtor was suspended, or transferred to the receiver, and therefore the failure to pay was not the fault of the mortgagor; hence the bill was prematurely filed.  We think there is nothing in this position. The mortgage ought not to be delayed because of this controversy.

It is also urged that the appellee was in contempt of court in bringing this bill without leave of the court.

Whether this be so or not it is no objection to the decree. The jurisdiction to render the decree is not thereby affected.

The point is made also that the proper course to pursue was to file a cross-bill in the suit first begun, and that there was no need to bring this suit. We are not inclined to take this view—but it seems clear that whatever force there might be in the point, it can not be presented for the first time in this court.

2d. It is objected that the decree is erroneous in requiring Daniel Mulcahey, Jr., the mortgage debtor, to pay any deficiency remaining after the sale of the mortgaged premises.

This is based upon the position that the decree in the bill filed by Daniel Mulcahey, Sr., released the mortgagor from personal liability in respect to the mortgage debt.

The provision of the decree relied on is as follows: ·

"It is further ordered and decreed that said Daniel Mulcahey, Jr., convey said real estate in said original bill described to Daniel Mulcahey, Sr., with covenants of warranty against any incumbrances on said land that were put there by the said Daniel Mulcahey, Jr., except the mortgage given for the purchase money to Fannie Strauss, which said mortgage by the terms of said deed the said Daniel Mulcahey, Sr., is to assume and agree to pay, and that said Daniel Mulcahey, Jr., be released from any personal obligation for the payment of said mortgage."

It will be seen that this provision requires a conveyance of the land from the mortgagor to Mulcahey, Sr., who assumes the mortgage debt and in this connection and for this reason the mortgage debtor is " released from any personal obligation for the payment of said mortgage."

It appears from the record that at a later date this decree was opened and modified so as to grant a divorce to Julia Mulcahey against Daniel Mulcahey, Sr., and that on the same day the latter conveyed the land back to Daniel Mulcahey, Jr., the original mortgage debtor, and also on the same day the declaration of trust before mentioned was

executed by the latter affecting the said real estate and certain personal property in which he declared that he held said real and personal property in trust to pay the mortgage debt then on said premises.

One effect of receiving the deed from Daniel Mulcahey, Sr., and of making this declaration of trust, must be to cancel so much of the decree as transferred the liability to pay the mortgage from Daniel Mulcahey, Jr., to Daniel Mulcahey, Sr., and to place these parties in *statu quo* with respect to this indebtedness.

We are of opinion the error assigned upon this branch of the case must be overruled.

3d. It is objected that the court improperly allowed as a part of the cost the sum of $50 for the fees of the complainant's solicitor.

This allowance is based upon and supported by a distinct provision in the mortgage, and the only objection is that the mortgagee had no occasion for the services of a solicitor.

The mortgage provided that in case of foreclosure the fee should be taxed.

There was a foreclosure, and the services of the solicitor were indispensable.

This objection must be overruled.

4th. It is objected that the decree is too large by $16.74, which is met by a remittitur of $16.66.

We think it not necessary to determine which of these amounts is correct but as the difference is so trifling will accept the remittitur as a sufficient answer.

The decree will be affirmed.